IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LADAWN BURT, ) | |
| ) | |
| Petitioner, ) | Civil Action 2:24-cv-1351 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| ALLEGHENY COUNTY DISTRICT ) | |
| ATTORNEY, ATTORNEY GENERAL OF ) | |
| PENNSYLVANIA and ) | |
| SUPERINTENDENT SCI FOREST, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

Pending before the Court[1] is the Respondents' Motion to Dismiss (ECF 21) the petition for a writ of habeas corpus (ECF 12) filed by Petitioner Ladawn Burt under 28 U.S.C. § 2254. For the reasons below, the Court will grant Respondents' Motion, dismiss the petition for lack of jurisdiction and deny a certificate of appealability.

**I.    Relevant Background**

On July 21, 2010, Burt appeared before the Court of Common Pleas of Allegheny County in his criminal case at docket number CP-02-CR-14603-2005. The court sentenced him to an aggregate term of 17 to 34 years of imprisonment on his drug, weapons and related convictions.

In 2017, Burt filed with this Court his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his judgment of sentence. That case was docketed as *Burt v. The Commonwealth of Pennsylvania, et al.*, No. 2:17-cv-721 (W.D. Pa.). On November 21, 2017, the Court issued an opinion and order in which it dismissed Burt's petition with prejudice because all

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

the claims raised in it were untimely. The Court also denied a certificate of appealability and entered judgment in favor of the respondents. On April 24, 2018, the United States Court of Appeals for the Third Circuit issued an order that also denied Burt a certificate of appealability. *See* ECF 14, 15, 16 & 24 in *Burt*, No. 2:17-cv-721.

Burt commenced the instant federal habeas case in September 2024. In his pending petition (ECF 12), Burt once again challenges his July 21, 2010, judgment of sentence. In their Motion to Dismiss (ECF 21), Respondents assert that the Court must dismiss the petition for lack of jurisdiction because the United States Court of Appeals for the Third Circuit has denied Burt authorization to file a second or successive petition. Burt has filed his reply (ECF 24) and Respondents' Motion is ripe for review.

**II.    Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a "second or successive habeas corpus application," he or she must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).[2] *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013)

---

[2] A court of appeals may grant a state prisoner's application only if he or she make a *prima facie* showing that: (1) the claim presented in the application was not presented in his or her prior habeas case, 28 U.S.C. § 2244(b)(1); and (2) the claim he or she seeks permission to litigate "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" *id.* § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense[,]" *id.* §2244(b)(2)(B).

(per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 815 (3d Cir. 2005)

As Respondents explain in their Motion, on October 23, 2024, the Court of Appeals issued an order denying Burt's application for authorization to file the instant second or successive petition. It held:

> The application for permission to file a second or successive § 2254 petition is denied. To obtain permission to file a second or successive § 2254 petition, Burt must make a prima facie showing that a claim relies on either (a) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (b) new evidence that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Burt has not made a prima facie showing that his proposed claims rely on new evidence or new law.

Order, *In re: Ladawn Burt*, No. 24:2835 (3d Cir. Oct. 23, 2024).

Because the Court of Appeals has denied Burt's application, this Court lacks jurisdiction to consider his petition. Accordingly, the Court will dismiss the petition for that reason. Additionally, jurists of reason would not find that holding to be debatable and, therefore, the Court will deny a certificate of appealability.[3]

---

[3] AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. *See* 28 U.S.C. § 2253. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling*." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

**III.   Conclusion**

For these reasons, the Court will grant Respondents' Motion to Dismiss (ECF 21), dismiss Burt's petition for lack of jurisdiction and deny a certificate of appealability.

An appropriate Order follows.

Date:  April 7, 2025

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE